*9 RESOLUCIÓN
La Asociación de Periodistas de Puerto Rico, el Taller de Fotoperiodismo, Inc., la Asociación de Fotoperiodistas de Puerto Rico y el Overseas Press Club (Asociación de Perio-distas y otros) comparecieron ante nos mediante Petición especial de autorización para el uso de cámaras fotográfi-cas y equipo audiovisual en vista oral ante el Tribunal Supremo al amparo de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico y del poder inherente y cons-titucional de la Rama Judicial para regular sus procedimientos. Solicitaron que autoricemos la grabación y transmisión por cámaras fotográficas y equipo audiovisual de la vista oral pautada para el 15 de enero de 2014 sobre la reforma al Sistema de Retiro de la Judicatura, CT-2013-021.
Su petición fundamentada señala que, luego de la en-mienda al Canon 15 de Ética Judicial, 4 LPRAAp. IV-B, la Rama Judicial ha tomado medidas afirmativas para hacer viable el acceso de los ciudadanos a los desarrollos de los procesos judiciales mediante una cobertura más amplia de estos. Reseña, como logros de esta iniciativa, la autoriza-ción del uso de cámaras fotográficas y equipo audiovisual en la Sala de Recursos Extraordinarios del Centro Judicial de San Juan, así como la transmisión en vivo del acto de lectura de sentencia en Pueblo v. Malavé, desde el Centro Judicial de Caguas. Véase ASPRO et al., Ex parte I, 189 DPR 769 (2013). Según los peticionarios,
[l]a participación de los medios de comunicación de naturaleza audiovisual hizo realidad tangible la democracia vibrante que se desarrolla en Puerto Rico para el ciudadano ordinario [...]
De esta format,] el verdadero soberano en un régimen demo-crático, el Pueblo, pudo hacer su evaluación y juicio propio de la naturaleza de tan importante proceso gubernamental, sin los filtros y crisoles que únicamente pueden alcanzarse y ga- *10 rantizarse, cuando ese Pueblo puede oír, ver y apreciar en vivo y de forma directa tales procedimientos.
Los medios de comunicación sirvieron también de instru-mento efectivo para que la Rama Judicial divulgara con plena confianza y orgullo la pulcritud y transparencia de sus procesos. Petición, pág. 4.
Por ello, nos solicitan que permitamos la grabación y transmisión de la vista oral señalada para el caso de refe-rencia, el cual, a su juicio, es de gran trascendencia e inte-rés público. Por último, aducen que podemos, al amparo de nuestro poder inherente para regular los procesos judicia-les, prescribir cualquier directriz especial que entendamos pertinente y necesaria para garantizar los derechos sus-tantivos de las partes y el buen desarrollo de la vista.
Por otro lado, el Sr. José Cancela, Presidente y Gerente General de Telemundo de Puerto Rico, compareció me-diante una misiva en la cual solicita que “se permita el acceso de nuestras cámaras y equipo para hacer transmi-siones en vivo a tan crucial proceso con el propósito de dar acceso al pueblo a la totalidad del debate”. Fundamenta su petición en la importancia del caso y en la apertura que hemos demostrado desde la enmienda al Canon 15 de Etica Judicial, supra, para permitir la cobertura mediática de los procesos judiciales.
Examinadas ambas peticiones, se autoriza, a modo de excepción, la cobertura y transmisión de la referida vista oral según el procedimiento dispuesto a continuación. Pesa en nuestra decisión el hecho de que, debido a la etapa pro-cesal temprana en que certificamos el recurso, esta será la única vista argumentativa previo a la disposición final de esta controversia de estricto derecho.
La transmisión y cobertura de la vista oral se regirá, de forma excepcional, por las disposiciones del Reglamento del Programa Experimental para el Uso de Cámaras Foto-gráficas y de Equipo Audiovisual de Difusión por los Me-dios de Comunicación en los Procesos Judiciales (Regla- *11 mentó), siempre y cuando no sean contrarias o incompatibles con lo aquí dispuesto.
Debido a las limitaciones de espacio en el Salón de Se-siones, y para asegurar la solemnidad y el decoro del pro-ceso judicial, se permitirá únicamente:
1. Una cámara de televisión o de grabación de imagen portátil que se ubicará en la parte lateral izquierda de la Sala de Sesiones del Tribunal y otra en la parte posterior del salón. Ambas cámaras serán operadas por un medio de televisión que será seleccionado mediante sorteo. Este me-dio solo podrá realizar tomas panorámicas durante la co-bertura del proceso judicial.
2. Una cámara de fotografía que se ubicará en la parte lateral izquierda de la Sala de Sesiones del Tribunal y otra en la parte posterior del salón. Ambas cámaras serán ope-radas por un representante u operador de un medio de prensa escrita o digital (Internet) que también será selec-cionado mediante sorteo.
No se permitirá grabar imágenes o tomar fotografías mediante el uso de equipo electrónico adicional. Por otro lado, se permitirá lo siguiente, sujeto a las restricciones impuestas en el Canon 15 de Ética Judicial, supra, y en el Reglamento:
1. El uso de grabadoras de audio portátiles sujeto a que se utilicen discreta y silenciosamente.
2. El uso de computadoras portátiles, teléfonos celula-res, tabletas, entre otros dispositivos electrónicos o equipo similar para recopilar y transmitir información escrita a través del Internet, siempre que no interfiera con el pro-ceso judicial, se usen silenciosa y discretamente, y no se utilicen para fotografiar, grabar imágenes o audio, radiodi-fundir ni televisar.
Se designa al Director de la Oficina de Prensa y Rela-ciones con la Comunidad de la Oficina de Administración de los Tribunales, el Sr. Daniel Rodríguez León, como el funcionario enlace entre el Tribunal y los medios de *12 comunicación. Este seleccionará, mediante sorteo, a los medios que podrán fotografiar y transmitir imágenes y audio de la vista oral.
Respecto a la petición particular de Telemundo de Puerto Rico para transmitir utilizando sus cámaras y equipo, podrá participar del sorteo establecido en esta Resolución.
Recordamos a los medios de comunicación que, por la solemnidad del proceso judicial, se deben ceñir estricta-mente a las disposiciones aplicables del Reglamento y a lo aquí dispuesto.

Publíquese y notifíquese por teléfono, electrónicamente, facsímil y por la vía ordinaria.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.
El Juez Asociado Señor Kolthoff Caraballo emitió un voto particular de conformidad. El Juez Asociado Señor Estrella Martínez emitió un voto particular de con-formidad, al cual se unió la Jueza Asociada Señora Pabón Charneco. La Juez Asociada Señora Rodríguez Rodríguez no intervino.
(.Fdo.) Aida Ileana Oquendo Graulau Secretaria del Tribunal Supremo